**Phoumiphonh PHANTHAVONGSA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71510.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 16, 2007.*

Filed May 25, 2007.

Mary M. Waltermire, Esq., Schoenleber & Waltermire, P.C., Sacramento, CA, for Petitioner.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Carol Federighi, Esq., M. Jocelyn Lopez Wright, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN, and IKUTA, Circuit Judges.

MEMORANDUM **

Phoumiphonh Kae Phanthavongsa, a native and citizen of Laos, petitions for review of the Board of Immigration Appeals' decision affirming an immigration judge's denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture. We deny the petition. Because the parties are familiar with the facts, we do not recount them here.

■ Though the IJ appears to have misspoken during her discussion of past persecution, the record shows that the IJ found that Phanthavongsa suffered discrimination and not persecution, which is a proper legal distinction. *See Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995). While harm falling short of severe violence can qualify as persecution, the treatment of Phanthavongsa at school was not accompanied by threats, detention or other incidents that, taken cumulatively, would compel a finding of past persecution. *See Chand v. INS,* 222 F.3d 1066, 1074 (9th Cir.2000). The IJ's determination that these acts constituted discrimination is therefore supported by substantial evidence.

■ The treatment of Phanthavongsa's parents was also insufficient to compel a finding of past persecution. The alleged torture and detention of Phanthavongsa's father lacked a sufficient connection to Phanthavongsa himself and could not be construed as threat to him. *See Arriaga–Barrientos v. INS,* 937 F.2d 411, 414 (9th Cir.1991) (requiring that any pattern of persecution be "closely tied to the petitioner"); *see also Salazar–Paucar v. INS,* 281 F.3d 1069, 1075 (9th Cir.2002) (finding that a guerrilla group's violence toward family members and political colleagues, in petitioner's absence, gave credibility to the claim that the group would have harmed petitioner had he been present). Further, Phanthavongsa failed to show that his mother's economic deprivation was severe enough to constitute past persecution. *Baballah v. Ashcroft,* 367 F.3d 1067, 1075–76 (9th Cir.2004); *Nagoulko v. INS,* 333 F.3d 1012, 1016 (9th Cir.2003). The IJ properly took into account Phanthavongsa's corroborating evidence. Therefore, the IJ's conclusion that Phanthavongsa did not suffer past persecution is supported by substantial evidence.

■ Though the IJ made questionable inferences from the fact that Phanthavongsa's parents traveled to the United States and returned to Laos, the IJ's decision was also based on evidence about the current situation in Laos. The evidence in the record suggests that Phanthavongsa's family is not currently subject to abuse in Laos. Substantial evidence supports the conclusion that Phanthavongsa would not suffer future persecution. Nor has Phanthavongsa shown persecution sufficient to

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

qualify for asylum for humanitarian reasons. *Vongsakdy v. INS,* 171 F.3d 1203, 1206–07 (9th Cir.1999).

**PETITION DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.